Mr. Justice Cox
delivered the opinion of the Court:
This case has been certified here. It was originally a suit brought before a justice of the peace against an administratrix, to recover a sum of money less than $100. It is certified here for the determination of the simple question whether a justice of the peace has jurisdiction to entertain suits against executors and administrators.
The history of legislation and decision on that subject may be given in a few words. The earliest statute concerning it is the act of the Maryland Assembly of 1791, chapter 61, which says:
“ In all cases where the real debt and damages doth not exceed ten pounds current money or one thousand pounds of tobacco it shall and may be lawful for any one justice of *505 the peace of each respective county, wherein the debtor doth reside, to try, hear and determine the matter in controversy between the creditor and debtor, and upon full hearing of the allegations and evidences of both parties to give judgment according to the laws of the land and the equity and right of the matter, and, if need be, charge the constable with the body of the debtor in execution, &c., &c.”
This can he better understood with' reference to the present subject by looking, in connection with it, to the act of 1798, chapter 101, sections 7 to 9, inclusive.
“Sec. 7. As in pleading it is extremely difficult for executors and administrators, as well as the opposite parties, to guard against error or mistake, which may operate unjustly against them, in no action, brought against an executor or administrator, shall it be necessary for him to plead ‘plene administravit’ or anything relative to the assets, or for the plaintiff or plaintiffs to reply to such plea; provided, nevertheless, that any executor or administrator, sued in chancery, may be compelled, as usual, to say in his answer whether or not he hath assets to answer all just claims against the deceased; and provided also, that if the said executor or administrator shall answer that he hath not assets as aforesaid, the proceedings shall be as they are at present; that is to say, an account may be taken of the assets under the direction of the Court.
“Sec. 8. And if the verdict of the jury on the issue joined be against the executor or administrator, or if he shall be willing to confess judgment, and the debt or damages which the deceased (if he or she were alive) ought to pay, be ascertained by verdict or confession or otherwise, the Court before whom the action was brought, shall thereupon assess the sum which the executor or administrator ought to pay, regard being had to the amount of assets in his hands, and the debts due to other persons; and if it shall appear to the said Court that there are assets to discharge all just claims against the deceased, the judgment shall be *506 for the whole debt or damages found by the jury or confessed, or otherwise ascertained, and costs; and if it shall appear to the Court that there are not assets to discharge all such just claims, the judgment shall be for such sum only as bears a just proportion to the amount of the debt, or damages and costs, regard being had to the amount of all the just claims, and of the assets; that is to say, as the amount of all the said claims shall be to the assets, so shall the amount of the said debt, or damages and costs, be to the sum required, for which judgment is to be given.
“Sec. 9. And in no case shall the Court proceed to assess as aforesaid, and to pass such judgment against an executor or administrator, until the time limited by law, or by the Orphans’ Court, for the executor or administrator to pass his account shall have expired; provided, that the said executor or administrator shall make oath (or affirmation, as the case may require), that he hath not assets to discharge all such just claims; and the account settled by the Orphans’ Court, in which the debt or damages sued for ought to be stated, shall be evidence to show the amount of assets and claims; and the Court before whom the suit is brought against the executor or administrator for the recovery of a debt or damages shall have power, when the real debt or damages are ascertained, to refer the matter to an auditor to ascertain the sum for which judgment shall be given; and in case the judgment shall be for a sum inferior to the real debt or damages and costs, it shall go on and say, 1 that the plaintiff be entitled to such further sum as the Court shall hereafter assess on discovery of further assets in the hands, of the defendants,’ and the Court, at any time afterwards, when applied to by the plaintiff on three days’ notice to the defendant or his attorney, may assess and give judgment for such further proportionable sum as the plaintiff shall appear entitled to, regal’d being had as aforesaid to the amount of the debt and other claims; and on any judgment passed as aforesaid, a “fieri facias” may issue against *507 the defendant, and either his own goods, or the goods of the deceased, may be taken and sold; and it shall be the duty of the executor or administrator to discharge the said judgment or put it on a footing with other just claims, and on failure his administration bond may be put in suit by the plaintiff.”
It is evident that this language is only applicable to a court of general jurisdiction. The term “court” is never applied, in any such enactment, to justices of the peace. Besides, a justice of the peace has none of this machinery for investigating the accounts of administrators and executors, and for referring disputed accounts to an auditor to ascertain the amount due. It was, therefore, never supposed in Maryland that a justice of the peace had jurisdiction to entertain suits against executors or administrators; and in fact the contrary of that was decided expressly in the case of Hale’s Administrator vs. House’s Administrator, 4 Harris & Johnson, 448. In that case suit was brought for $30 in the county court, and the decision of that court was sustained upon the express ground that the justice of the peace had no jurisdiction. That was in 1819.
On the 27th of February, 1801, Congress passed the act by which it assumed jurisdiction over the District of Columbia. That act provided as follows:
“That there shall be appointed in and for each of said counties such number of discreet persons to be justices of the peace as the President of the United States shall from time to time think expedient, to continue in office for five years; and such justices having taken an oath for the faithful and impartial discharge of the duties of the office shall,' in all matters, civil and criminal, and in whatever relates to the conservation of the peace, have all the powers vested ■in, and shall perform all the duties required of, justices of the peace or individual magistrates by- the laws herein-before continued in force, in those parts of said District for which they shall have been respectively appointed; and *508 they shall have cognizance in personal demands to the value of $20, exclusive of costs.”
This act was equally general with the act of Maryland of 1791, and was not supposed to confer upon justices of the peace the jurisdiction now in question. In fact, that was expressly decided in 1821 in the Circuit Court of this District in the case of Ritchie’s Administrator vs. Stone, 2 Cranch’s Circuit Court Reports, 258, which was an appeal from a judgment of a justice of the peace against the appellant for $20. The judgment was reversed for want of jurisdiction under the Act of the Assembly of 1791, chapter 68. Up to that date it must be pretty clear that no such jurisdiction as is now claimed was vested in justices of the peace.
That was followed, however, by the Act of Congress, March 1, 1823, which enacts:
“That from and after the 1st day of June next, in all cases -where the real debt and damages do not exceed the sum of $50, exclusive of costs, it shall and may be lawful for any one justice of the peace, of each respective county within the District of Columbia, wherein the debtor doth reside, to try, hear and determine the matter in controversy between the creditor and debtor, their executors and administrators, and upon full hearing of the allegations and evidences, of both parties to give judgment, according to the laws existing in the said District of Columbia, and the equity and the right of the matter, in the same manner and under the same rules and regulations, to all intents and purposes, as such justices of the peace are now authorized and empowered to do when the debt and damages do not exceed the sum of $W, exclusive of costs.”
The whole trouble grows out of the use of these words, “ their executors and administrators,” and the question was whether the act was intended to extend the jurisdiction in this respect, or merely with respect to the amount involved in controversy. It is to be observed that the power is “to *509 try, hear and determine the matter in controversy between the creditor and debtor, their executors and administrators * * * in the same manner and under the same rules and regulations, to all intents and purposes, as such justices of the peace are now authorized and empowered to do when the debt and damages do not exceed the sum of $£0, exclusive of costs." If the justices were not at that time empowered to entertain a case against the executors or administrators, then this act does not increase the power. It simply extends the power to sums not exceeding $50, instead of leaving it as before confined to cases involving $20. As w7e have already seen, they are not, up to that time, considered to have jurisdiction in suits against executors and administrators.- Therefore, it would seem, that this act was simply designed to extend the jurisdiction in regard to the amount, and nothing else. That was also decided in the Circuit Court of this District -in the case of Adams vs. Kincard, administrator of McPhail, in 2 Cranch’s Circuit Court Deports, 422. In that case the Court, at first, were inclined to the opinion that the justice of the peace had jurisdiction under the new act; but after further consideration they affirmed the judgment with costs, upon the ground of want of jurisdiction. That case was decided at the October Term, 1822.
A similar question arose in 1827 in the case of Poy vs. Talbot, reported in 5 Cranch’s Circuit Court Deports, 125, which was an action to recover money paid by the plaintiff while in commitment on a ca. sa. issued on a judgment of -a justice of the peace against the plaintiff as executor de son tort for damages by deceased to land. The action to recover back the money was sustained on the ground that the justice of the peace had no jurisdiction; that, therefore, the money was paid under duress by illegal arrest.
A similar question arose again in the case of Dennis vs. Holland, in 1838, reported in the same volume of Cranch, at page 511. In that case, the majority of the Court held that the justice had jurisdiction, the Court consisting of *510 three members. No opinion is given on the part of the majority, but a dissenting opinion was filed by Chief Justice ■Cranch. The reasoning of that dissenting opinion seems to us to be sound, because it proceeds upon what we have already mentioned, viz., that the language of the Act of 1823 confines the increased jurisdiction overeases involving $50 within the same limits that had already been assigned to jurisdiction of justices of the peace, and says that the justices are to hear and determine in the same manner, to all intents and purposes, as they might already hear and determine where the debt and damages did not exceed $20. We adopt this in preference to the conclusion of the majority.
It has been argued, however, on the part of the plaintiff, that a change is made by the revision of the statutes for the District of Columbia. We all know that if part of a law is included in the revision and paid omitted, the part omitted is considered as repealed. Section 1,006 of the Revised Statutes of the District of Columbia is as follows:
“It shall be lawful for any justice of the peace in all cases within his jurisdiction to try, hear and determine the matter in controversy between the creditor and debtor, their executors and administrators, and, upon full hearing of the allegations and evidence of both parties, to give judgment according to law and the equity and right of the matter.”
It is to be observed that the following language from the Act of March 1, 1823, is left out of this revision. “In the same manner and under the same rules and regulations, to all intents and purposes, as such justices of the peace are now authorized and empowered to do.” But the section does not say generally that they shall have jurisdiction “in all cases between debtor and creditor, their administrators and executors,” but that “it shall be lawful for any justice of the peace in all cases within his jurisdiction to try, hear and determine the matter in controversy between the creditor and debtor, their executors and administrators, and upon *511 full hearing of the allegations and evidence of both parties to give judgment according to law and the equity and right Of the matter.” That refers to existing law to ascertain what the jurisdiction was. It does not advance us a single step in the direction of the claim made that the jurisdiction of justices of the peace is increased.
Therefore, on the whole, we are of opinion that a justice of the peace has not j urisdiction to entertain a suit against an administrator or executor, and further, it is a mistake to suppose that a hiatus is left in the law, and no court has jurisdiction of writs against executors and administrators in cases of small debts, because this court has general jurisdiction in all cases not. within that of justices of the peace, and is excluded from original jurisdiction only in such cases as are given to justices of the peace. So that any suit against an executor or administrator,, however small the amount may be, may be brought in this court.

The caséis certified here, and the judgment, therefore, must he against the plaintiff.